897 F.2d 539
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jewel M. MORTENSEN, Appellant,
v.
DEPARTMENT OF The ARMY, Appellee.
 No. 89-3213.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1990.
 
 Before MARKEY, Chief Judge, and RICH and PLAGER, Circuit Judges.
 PLAGER, Circuit Judge.
 
 DECISION
 
 1
 Mortensen petitions for review of a Merit Systems Protection Board (MSPB) decision, Mortensen v. Department of Army, 39 M.S.P.R. 526 (1989), that sustained the Department of the Army's decision to remove her from her position as a chemist because of insubordination and unsatisfactory performance. We affirm.
 
 OPINION
 
 2
 Both parties agree that the standard of review for a decision of the MSPB is contained in 5 U.S.C. Sec. 7703(c) (1988). Under that provision, the board's decision in this case must be sustained unless it is found to be:
 
 
 3
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law;
 
 
 4
 (2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 5
 (3) unsupported by substantial evidence....
 
 
 6
 The MSPB found, after reviewing the record, that the administrative judge (AJ) did not err in reaching her decision. The AJ, after reviewing the testimonial and documentary evidence presented by both parties, found that the Department of the Army had proved by a preponderance of the evidence that Mortensen committed the actions charged and that dismissal was warranted. In her brief, Mortensen generally argues that the Board "failed to consider" the testimony of her witnesses and her own testimony. As we have said previously, merely because the fact finder does not specifically mention a particular matter in its opinion forms no basis for an assumption that it did not consider those elements. Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 901 (Fed.Cir.), cert. denied, 469 U.S. 857 (1984). There is more than ample evidence in the record to support the Board's conclusion; clearly the Board's findings were not "unsupported by substantial evidence."
 
 
 7
 In seeking to establish that her removal was a prohibited personnel practice under 5 U.S.C. Sec. 2302(b)(9), Mortensen contends that her removal was a reprisal for her filing EEO discrimination claims. Mortensen's history of filing of EEO claims reflects lawful and protected activity. But her claim of reprisal fails because her removal was based on independent grounds, and she did not establish a nexus between her protected activities and her removal. See Stanek v. Department of Transp., 805 F.2d 1572, 1580 (Fed.Cir.1986).
 
 
 8
 This case began in 1980, and Mortensen's dismissal from employment has been reviewed and sustained by five tribunals; it is time to bring an end to this matter.
 
 
 9
 The decision of the MSPB is affirmed.